UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MONICA RAFEEDIE,<br>on Behalf of Herself and Others<br>Similarly Situated<br><br>Plaintiff,<br><br>vs.<br><br>L.L.C., INC. d/b/a PERFECT 10 MEN'S<br>CLUB and W.F.K.R., INC. d/b/a<br>SUGAR'S UPTOWN CABARET<br><br>Defendants. | §§§§§§§§§§§§§§ CIVIL ACTION NO. 1:10-cv-743-LY<br><br>JURY DEMANDED |

**PLAINTIFF'S FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

SUMMARY

1.     L.L.C., Inc. operates a gentleman's club in Austin, Texas known as "Perfect 10 Men's Club" (referred to hereinafter as "Perfect 10").  W.F.K.R., Inc. operates a gentleman's club in Austin, Texas known as "Sugar's Uptown Cabaret" (referred to hereinafter as "Sugar's").  Perfect 10 and Sugar's (collectively referred to as "the Clubs" or "Defendants") failed to pay Monica Rafeedie (Rafeedie) and their other dancers the minimum wage required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*.  Defendants also failed to pay Rafeedie and their other dancers appropriate overtime wages required by the FLSA.  Accordingly, Rafeedie brings this collective action to recover the unpaid wages and other damages owed to her and to other similarly situated dancers.

JURISDICTION AND VENUE

2.     This Court has subject matter under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in the Western District of Texas Austin Division because a substantial part of the acts and conduct charged herein occurred in this district.

## THE PARTIES

4. Rafeedie lives in the Western District of Texas. Rafeedie was an employee of Perfect 10 and Sugar's within the past three years. Her written consent is attached hereto as Exhibit 1.

5. The class of similarly situated employees consists of all dancers of Perfect 10 and Sugar's in the past three years. These similarly situated persons are referred to as "Members of the Class" or "the Class."

6. L.L.C., Inc. is a domestic corporation that owns and/or operates a gentleman's club in Austin, Texas known as "Perfect 10 Men's Club." Perfect 10 is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, and its employees (including Rafeedie and all other members of the Class) handle and sell goods that have been moved in or been produced for commerce such as food items and beverages. 29 U.S.C. § 203(s)(1). L.L.C., Inc. may be served with this pleading through its attorneys, Matthew J. Hoffer and Brian W. Bishop, at the addresses stated below in the Certificate of Service.

7. W.F.K.R., Inc. is a domestic corporation that owns and/or operates a gentleman's club in Austin, Texas known as "Sugar's Uptown Cabaret." Sugar's is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, and its employees (including Rafeedie and all other members of the Class) handle and sell goods that have been moved in or been produced for commerce such as food items and beverages. 29 U.S.C. § 203(s)(1). W.F.K.R., Inc. may be served with this pleading through its attorneys, Matthew J. Hoffer and Brian Bishop, at the addresses stated below in the Certificate of Service.

**THE FACTS**

8. Perfect 10 and Sugar's employed Rafeedie as a dancer/entertainer.

9. Neither Perfect 10 nor Sugar's paid Rafeedie an hourly wage.

10. Rather, Rafeedie's sole compensation came from the gratuities/tips she received from Club patrons.

11. Perfect 10 and Sugar's required Rafeedie to pay a portion of the tips she received from Defendants' patrons to other employees, including members of management and disc jockeys.

12. Defendants also required Rafeedie to pay a "house fee" for the privilege of dancing at their Clubs.

13. Perfect 10 and Sugar's violated the minimum wage provisions of the FLSA by failing to pay Rafeedie an hourly wage.

14. In addition, Rafeedie occasionally worked more than forty (40) hours in a workweek while employed by Perfect 10 and Sugar's.  However, Perfect 10 and Sugar's failed to pay Rafeedie overtime wages as required by the FLSA.  Accordingly, Perfect 10 and Sugar's violated the overtime wage provisions of the FLSA.

15. Defendants required Rafeedie to sign a document suggesting that she was an "independent contractor" rather than an "employee."  This, despite the fact that Defendants (1) set rules and regulations that the dancers were required to comply with (and for which they could be terminated if they failed to comply), (2) set the Clubs' hours of operation, (3) set the fees that the dancers were allowed to charge customers for dances, (4) set the prices for food and drinks, (5) held mandatory "staff" meetings, (6) required the dancers to comply with certain "uniform" requirements (i.e. see-through bottoms and g-strings were not permitted and the dancers were

authorized to wear only approved "lined T-back bottoms"), (7) required the dancers to check in with the DJ as soon as they were ready and had to be on the required stage when called upon, (8) required the dancers to aid the Clubs' business by promoting sales, (9) required dancers to arrive to their shift in a timely manner and work the full shift unless released by a Club manager, (10) required dancers to report service charges collected, (11) required dancers to work specific shifts scheduled by the Clubs, (12) prohibited dancers from wearing certain outfits, (13) defined the parameters of how to dance for customers, (14) subjected dancers to "reprimand, suspension, or termination" for violating club policies, (15) required the dancers to sell champagne, and (16) required dancers to pay "house fees" and "tip outs" as stated above.

16. Rafeedie did not invest any money in Defendants' businesses. She did not share in the profits or losses of Defendants' businesses. She did not set the Defendants' hours of operation, did not create nor enforce any of the Defendants' policies, and did not own any of the Defendants' equipment, furniture, fixtures, or inventory. Moreover, Rafeedie did not receive any "training" from Defendants on how to dance for customers, and doing so did not require any special skill. Additionally, Rafeedie's investment in her costumes was nominal and certainly insignificant in comparison to the investment made by Defendants to advertise, furnish, and operate their clubs. Similarly, Rafeedie's opportunity for profit and loss was largely, if not exclusively, determined by Defendants' ability to attract and provide patrons and by setting reasonable charges for drinks and dances. Accordingly, Rafeedie was misclassified as an "independent contractor" by Defendants.

## COLLECTIVE ACTION ALLEGATIONS

17. Defendants employ other dancers/entertainers.

18. The other dancers/entertainers at Perfect 10 and Sugar's perform job duties

similar to those performed by Rafeedie, such as dancing on stage, performing table-dances, private dances for patrons, etc. and were subject to the same policies, pay practices, and work environment as Rafeedie.

19. Like Rafeedie, Perfect 10 and Sugar's misclassifies these dancers as "independent contractors" and does not pay these dancers an hourly wage or overtime wages.

20. Like Rafeedie, these similarly situated employees are entitled to recover their unpaid minimum and overtime wages. Therefore, notice is appropriately sent to:

> **"All dancers employed by Perfect 10 Men's Club and/or Sugar's Uptown Cabaret during the period October 6, 2007 to the present."**

## CAUSES OF ACTION

21. Rafeedie incorporates the allegations in the preceding paragraphs.

22. Defendants' practice of not paying an hourly or overtime wage to their dancers violated the FLSA. Accordingly, Rafeedie and the Members of the Class are entitled to the minimum wage for each hour worked, plus overtime wages for all hours in excess of forty in a workweek.

23. Additionally, Rafeedie and all those similarly situated are entitled to an amount equal to all of their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

## JURY DEMAND

24. Rafeedie hereby demands a trial by jury.

## PRAYER

Rafeedie respectfully requests that judgment be entered against L.L.C., Inc. and W.F.K.R., Inc., jointly and severally, awarding her and all similarly situated employees:

a. the minimum wage for each hour worked;

b. overtime wages for hours worked in excess of forty in a workweek;

c. an equal amount as liquidated damages;

d. reasonable attorneys' fees, costs, and expenses of this action; and

e. such other and further relief as may be required by law.

                Respectfully submitted,
                **DEBES LAW FIRM**

                ***/s/ ROBERT R. DEBES, JR.***
By: _____
                Robert R. Debes, Jr.
                Texas State Bar No. 05626150
                Federal I.D. 12308
                17 South Briar Hollow Lane, Suite 302
                Houston, Texas 77027
                Telephone: (713) 623-0900
                Telecopier: (713) 623-0951
                bdebes@debeslaw.com

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    I served a true and correct copy of this document on all counsel of record via Notice of Electronic Filing on known Filing Users and on non-ECF recipients by regular mail on the 8th day of November 2010 as follows:

Matthew J. Hoffer
Shafer & Associates, P.C.
3800 Capital City Blvd., Ste. #2
Lansing, Michigan 48906

Brian Bishop
Law Offices of Brian W. Bishop
115 Wild Basin South, Suite 106
Austin, Texas 78746

                **/s/ Robert R. Debes, Jr.**
                _____
                Robert R. Debes, Jr.