IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MONICA RAFEEDIE on Behalf of Herself and Others Similarly Situated | § § § | |
| Plaintiff, | § § | |
| vs. | § | CASE NO. 1:10-cv-743-LY |
| L.L.C., INC. d/b/a PERFECT 10 MEN'S CLUB and W.F.K.R., INC. d/b/a SUGAR'S UPTOWN CABARET Defendants. | § § § § § § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL**

Monica Rafeedie, on behalf of herself and others similarly situated ("Plaintiffs"), files this response to Defendants' Motion to Compel Production of Tax Returns and Financial Information (Doc. 111) as follows:

## I. SUMMARY

Plaintiffs' non-disclosure of the requested financial information is "substantially justified" under F.R.C.P. 37(5)(A).  Plaintiffs have violated no Court order compelling the production of their tax returns and/or financial information.  Rather, Plaintiffs asserted (and have consistently maintained) objections to the discovery of their personal financial information in good faith and in accordance with well-established authority.[1]  Therefore, Defendants' request for sanctions (Doc. 111, p. 15) should be denied.

Moreover, there is absolutely no authority (and Defendants offer none) to support Defendants' argument that Plaintiffs should be compelled to produce their banking records, credit applications, and credit reports.  In fact, the principal case relied upon by

---

[1] Plaintiffs have also objected to Defendants' attempt to conduct "individualized," rather than "representative," discovery in this conditionally certified collective action.

1

Defendants (in support their request for the discovery of Plaintiffs' "tax returns") specifically held that this type of "other financial information" was neither relevant nor discoverable.[2]  Accordingly, Defendants' motion to compel the production of Plaintiffs' "other financial information" should also be denied.

Finally, Defendants' have failed to meet their burden of showing that Plaintiffs' tax returns and other financial information are relevant to any issue before this Court, that there is a compelling need for these materials, or that the information contained therein is not otherwise readily obtainable.  Accordingly, Defendants' motion to compel should be denied.

## II. HOUSEKEEPING MATTERS

Before responding to the merits of Defendants' legal argument, a few of Defendants' proffered "facts" need to be clarified.

1. "With the exception of Plaintiff Sophea Trotta, the other seven discovery respondents have produced a total of one (1) page of documents in response to Defendants' requests for production." (Doc. 111, 1).

This is simply untrue.  On 1/31/11, Plaintiffs produced thirty-five (35) pages of documents with their Initial Disclosures. *See* Ex. A.  At Ms. Trotta's deposition on 4/26/11, Ms. Trotta produced an additional five (5) pages. *See* Ex. B.[3]  On 8/10/11, Plaintiffs produced an additional sixty-six (66) pages of documents; and on 8/15/11, Plaintiffs produced an additional eight (8) pages.[4]  *See* Ex. C.

---

[2] *Canada v. Hotel Development-Texas, Ltd.*, 2008 WL 3171940 at *2 (N.D. Tex. July 30, 2008). *See also, Yong F. Ke v. 85 Fourth Avenue, Inc.*, 2009 WL 1058627 at *4 (S.D. N.Y. April 20, 2009) (rejecting request in misclassification case for claimants' tax returns, portfolio, business interests, expenses, etc.).

[3] Ms. Trotta is the only claimant who has been deposed (except for Victoria Chhang, whose deposition was limited by agreement).

[4] Plaintiffs have produced the federal tax returns for Monica Rafeedie, Sophea Trotta, and Melissa Chavez.  In addition, and even though Defendants had withdrawn their discovery request to Victoria Chhang,

Moreover, and as demonstrated in counsel's email exchange of 8/2/11 (eight days *before* Defendants' motion was filed), Plaintiffs counsel advised that he would be happy to send Defendants the returns he had obtained so far, but would prefer to send them in "one fell swoop" by a certain date to be agreed upon by counsel. *See* Ex. D.  Defendants did not respond.  Rather, they simply filed the instant motion.

2.    Defendants omit an important fact. Specifically, Plaintiffs' counsel advised that he would consider producing redacted tax returns for some of the claimants (perhaps a Schedule C – which would only show 'business income') <u>after a protective order had been entered by the Court</u>.[5] *See* Ex. E.  The Court did not enter a protective order in this case until 7/13/11 (Doc. 102).  Defendants filed this motion twenty-eight (28) days later.[6]  Plaintiffs have not been dilatory or obstructive.

### III. Defendants' "Relevance" Argument

Defendants' contend that Plaintiffs' tax returns, bank statements, credit applications, and credit reports (collectively "financial information) are relevant for the following reasons (Doc. 111, p. 7):

1.   whether Plaintiffs regarded themselves to be self-employed individuals;
2.   what other sources of income Plaintiffs had which would suggest they were, as a matter of economic reality, in business for themselves and not dependent upon Defendants;
3.   Plaintiffs' opportunity for profit or loss;
4.   the amount of mandatory fees for private dances collected and retained by Plaintiffs, which is relevant to Defendants' affirmative defenses and counterclaims;

---

Plaintiffs' counsel went ahead and produced Ms. Chhang's tax returns on 8/10/11 in the spirit of cooperation. *See* Ex. C.

[5] This, despite the fact that Plaintiffs *could* have stood on their objections and were under no obligation to agree to produce these documents voluntarily.

[6] To the extent the Court considers it relevant to the issue of whether Plaintiffs' were "substantially justified," Plaintiffs' counsel moved his law office twice (due to construction delays) between 6/28/11 and 8/1/11 and did not have Internet service from 7/28/11 - 8/2/11.  During this period of time, counsel was "living out of boxes" at his office. *See* Ex. D.

  5.  whether Plaintiffs were deprived of a minimal standard of living, which is relevant to determine whether Plaintiffs should be awarded liquidated damages;

  6.  the amount of damages suffered by Plaintiffs; and

  7.  if Plaintiffs are ultimately determined to be employees, the amount of withholding due according to the Internal Revenue Code on any wage payment to be made.

As demonstrated below, Defendants' arguments are unavailing and should be denied.

**A.** **Plaintiffs regarded themselves as self-employed**.

After making this general "statement of relevance" on page 7 of their motion, Defendants fail to provide any additional argument or authority to support it. In fact, Defendants never even *refer* to this point again in their motion. While it may appear, at first blush, like a reasonable position, it is flawed for several reasons.

To begin, there is no dispute *how* Plaintiffs were classified. Rather, the evidence is undisputed that Defendants' classified Plaintiffs (and all of the putative class members) as "independent contractors" rather than "employees."[7] Thus, Plaintiffs' returns will not provide any additional evidence on this undisputed issue.

More importantly, however, the law is well settled that an employee is not permitted to waive employee status. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 740 (1981). See also, *Donovan v. American Airlines, Inc.*, 686 F.2d 267, 269 (5th Cir. 1982); *Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662, 667 (5th Cir. 1983) ("Likewise, the fact that they provided their own insurance coverage, **listed themselves as self-employed on their tax returns**, and had their own business cards and letterheads, does not tip the balance in favor of independent contractor status… A

---

[7] *See* Ex. F, excerpts from the deposition of Louis Warren, Defendants' corporate representative. *See also*, Plaintiffs' Original Complaint (Doc. 1).

4

person's subjective opinion that he is a businessman rather than an employee does not change his status.")(emphasis added); *Usery v. Pilgrim Equipment Co., Inc., supra,* 527 F.2d 1308, 1315 (5th Cir. 1976) *cert. denied*, 429 U.S. 826 (1979) ("We reject both the declaration in the lease agreement that the operators are 'independent contractors' and the **uncontradicted testimony that the operators believed they were, in fact, in business for themselves as controlling FLSA employee status**.")(emphasis added). Therefore, the fact that Plaintiffs may have listed their income from Defendants' clubs as "self-employment" income on their tax returns has no relevance to the issues before this Court. However, if the Court is inclined to grant Defendants' motion, Plaintiffs will stipulate that they reported the income made from their employment with Defendants as "self-employment" income on the tax returns that they filed, if any.

**B.     Other sources of income**.

Defendants cite to *Canada v. Hotel Development-Texas, Ltd.*, 2008 WL 3171940 (N.D. Tex. July 30, 2008) in support of this argument. However, a close inspection of the *Canada* opinion reveals the flaws in Defendants' argument.

To begin, *Canada* can hardly be considered precedential. Rather, it amounts to an *unreported* Memorandum Order from Magistrate Judge Jeff Kaplan. Moreover, the opinion has <u>never</u> been cited to by another court <u>and</u> it relies (errantly, in all due respects) on an Internal Revenue Code Ruling as authority (using a "twenty point" *common law* test to determine employee status under the Federal Insurance Contributions Act [FICA], the Federal Unemployment Tax Act [FUTA], and the Collection of Income Tax at Source on Wages - as opposed to the five factor 'economic reality' test articulated by the Fifth

Circuit for cases under the FLSA).[8]  Specifically, in *Canada* Magistrate Kaplan found that the "factors relevant to this determination are" whether a worker was "full time" and whether the worker was "working for more than one firm at a time." *Id*. at *2.

Neither "full time" status nor whether someone "works for more than one firm at a time" is a dispositive factor relevant to the determination of employee status.  Rather, courts consider five factors: the degree of control exercised by the alleged employer; the extent of the relative investments of the worker and alleged employer; the degree to which the worker's opportunity for profit and loss is determined by the alleged employer; the skill and initiative required in performing the job; and the permanency of the relationship. *Reich v. Circle C. Investments, Inc.,* 998 F.2d 324, 327 (5th Cir.1993).  Therefore, the reasoning behind the *Canada* decision is flawed.  Moreover, millions of Americans hold more than one job and work for more than one employer.  The fact that Plaintiffs might have done so as well is not relevant to the issues before this Court.

**C. Opportunity for profit and loss.**

Defendants contend that Plaintiffs' tax returns may be relevant to the issue of whether they had an "opportunity for profit or loss." (Doc. 111, p. 8).  In support of this argument, Defendants cite to the *In re FedEx Groud Package System* case.[9]  *Id*.  While the district judge in *FedEx* did conclude that the claimants' tax returns might be relevant on the issue of the "opportunity for profit and loss," he did so under specific and limited circumstances not present here.  Namely, the district judge concluded:

---

[8] *See* Ex. G, Rev. Rul. 87-41, 1987 WL 419174 (IRS RRU 1987).  The 'economic realities' test is best described (in a similar context to the instant case) in *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324 (5th Cir. 1993).

[9] *In re FedEx Ground Package System, Inc*., 2006 WL 3755311 (N.D. Ind. Dec. 14, 2006) is also an unreported decision.

> "To the extent the plaintiffs' tax returns can show some plaintiffs were able to maximize profits by controlling costs **via workers and subcontractors**, or by utilizing business-associated tax benefits, or through other sources of income, this financial information [tax returns] can be relevant for showing the plaintiffs' earnings didn't necessarily depend on the defendants, but upon their individual business judgment and initiative." (emphasis added)(brackets not in original). *Id*. at *5.

In this case, however, the facts are undisputed that Plaintiffs (exotic dancers) were <u>not</u> permitted to control costs via workers and subcontractors, did not set the fees for dances, did not set the cover charge, and were required to charge the price set by the Defendants for same, etc. *See* Exhibits H and I.[10]  Accordingly, the district court's reasoning in *FedEx* is not controlling to the matters before this Court. *See, Reich v. Circle C. Investments, Inc*., 998 F.2d 324, 329 (5th Cir. 1993) (exotic dancers were employees, not independent contractors) and *Reich v. Priba Corp*., 890 F.Supp. 586, 594 (N.D. Tex. 1995) (same).

**D.**     **Mandatory dance fees.**

Central to Defendants' case here is that if Plaintiffs are determined to be "employees" rather than "independent contractors," then Plaintiffs should forfeit the dance fees they received from Defendants' patrons.  Thus, Defendants contend that Plaintiffs' tax returns (and other financial information) are discoverable in order to quantify how much Plaintiffs' collected in dance fees.

However, on 8/25/11 this Court issued an order striking all of Defendants' counterclaims against Plaintiffs.  (Doc. 122).  In doing so, the Court held that:

> "In this case, also, Defendants' Entertainment Fees retained by Plaintiffs do not constitute wage payments and are therefore not allowed under the FLSA." *Id*.

---

[10] Exhibits H and I are excerpts from the depositions of William J. Cox and Louis Warren, respectively.

Accordingly, Defendants' argument that the mandatory dance fees (a/k/a Entertainment Fees) render Plaintiffs' tax returns relevant is misplaced.  All of Defendants' counterclaims (as well as any affirmative defense relying on the same theory) have been dismissed.  Thus, Defendants' motion to compel should be denied.  Moreover, Defendants (as employer) bears the burden to maintain accurate record of Plaintiffs' time and payroll.   Defendants have produced "productivity reports" for each claimant that identify the date each dancer worked, the amount of dance fees she turned in to the club, and other additional information.  Thus, this information is easily obtainable from Defendants' own records.[11]

**E.     Relevant to issue of liquidated damages**.

In a creative, albeit misplaced, attempt to obtain Plaintiffs' tax returns, Defendants next argue that the tax returns are "relevant to determining…whether the Court should, and in what amount, award liquidated damages." (Doc. 111, p. 12).  In support of this novel argument, Defendants refer the Court to two cases, *McClanahan v. Mathews*, 440 F.2d 320 (6th Cir. 1971) and *Brooklyn Sav. Bank. v. O'Neil*, 324 U.S. 697 (1945).[12] *Id*.  However, neither case stands for the stated proposition of law.  More importantly, neither case *even considered* the issue of the discoverability (or relevance) of a claimant's tax returns (or other financial information) when deciding the imposition of liquidated damages.  Defendants' motion should be denied.

---

[11] *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946) (employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of the Act).

[12] Defendants provide the incorrect cite to the *Brooklyn Sav. Bank v. O'Neil* case; namely, Defendants cite the case as 324 U.S. 6**8**7, instead of 324 U.S. 6**9**7.

**F.     The amount of damages suffered by Plaintiffs.**

In an equally novel, but again misplaced, argument Defendants contend that Plaintiffs' tax returns are relevant to the "amount of damages suffered by Plaintiffs." (Doc. 111, p. 7).  While Defendants never elaborate on this position point, it is assumed that this is simply a restatement of their position concerning the mandatory dance fees. *See* Section III (D) above.  This appears to be the case because on page 10 of their motion, Defendants state "these amounts are relevant to Defendants' counterclaims that the dance fees must be returned to the clubs," and on page 11 that "Defendants can use this information to quantify the amount of service charges that offset wage obligations." (Doc. 111).

Regardless, Defendants do not cite any authority (or offer any additional support) for the proposition that Plaintiffs' tax returns are somehow relevant to the discovery of admissible evidence on the issue of Plaintiffs' recoverable damages.  That's not surprising, given that Plaintiffs' measure of damages in this FLSA case is measured by the number of hours worked times the prevailing wage rate.  It is not determined, in whole or in part, by the amount of income Plaintiffs' declared on their tax returns or other financial documents.  That is not the law in this Circuit, or in any other.  *See, e.g., Nero v. Industrial Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999).

**G.     The amount of withholding due to the IRS**.

In a final gasp, Defendants argue that Plaintiffs' tax returns are relevant to the issue of how much money should be withheld out of any future payment Defendants are required to make to Plaintiffs if Plaintiffs prevail in this case.  (Doc. 111, p. 7).  Again, Defendants do not offer any authority in support of this argument. In fact, Defendants

9

never mention this position statement again after making it.  But to tilt logic on its head, Defendants appear to conclude that if they end up having to pay Plaintiffs money as a result of their misclassification, that they need Plaintiffs' tax returns, bank statements, credit reports, credit applications, etc. <u>now</u> in order to determine how much they should withhold from any such future payment.  This argument borders on specious.  Plaintiffs will agree to provide Defendants with a W4 in the event it becomes necessary to do so.

### III.  LEGAL STANDARD

The test for discovery of tax returns is [1] "that the returns are relevant to the subject matter of the action" and [2] "that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Natural Gas Pipeline Co. of America v. Energy Gathering*, 2 F.3d 1397, 1411 (5th Cir. 1993).

Several courts have held that tax returns are not discoverable in FLSA cases, including misclassification cases such as the instant one. *Yong F. Ke v. 85 Fourth Avenue, Inc.*, 2009 WL 1058627 at *4 (S.D.N.Y. April 20, 2009) (rejecting the argument that claimants' tax returns were "relevant to the defendants' claim that the plaintiffs were independent contractors rather than employees"); *Melendez v. Primavera Meats, Inc.*, 270 F.R.D. 143 (E.D.N.Y. 2010) (tax returns not discoverable in FLSA case); *Uto v. Job Site Services, Inc.*, 269 F.R.D. 209, 212 (E.D.N.Y. 2010) ("plaintiffs' income tax returns are not relevant to their FLSA claims"); *Chen v. Republic Restaurant Corp.*, 2008 WL 793686 (S.D.N.Y. March 26, 2008) (same);  *Montoya v. S.C.C.P. Painting Contractors, Inc.*, 530 F.Supp.2d 746 (D. Md. 2008) (same); *Galaviz-Zamora v. Brady Farms, Inc.*, 230 F.R.D. 499 (W.D. Mich. 2005) (same).

Moreover, Plaintiffs' status as employees under the FLSA is not dependant on whether they had <u>other</u> employment; therefore, whether Plaintiffs' tax returns show income from other sources is irrelevant and provides no support for the requested discovery. *Yong F. Ke v. 85 Fourth Avenue, Inc.*, 2009 WL 1058627 at *4 (S.D.N.Y. April 20, 2009). Similarly, Plaintiffs' personal assets, credit scores, bank balances, etc. have no bearing on whether Defendants' classified them correctly or not or whether they were paid properly. In sum, the burden of this discovery far outweighs its likely benefit.

### IV. CONCLUSION

As demonstrated above, there are several *reported* court decisions denying discovery of a claimant's tax returns and two *unreported* decisions granting such relief. Accordingly, Plaintiffs were "substantially justified" in their objections to the requested discovery. Moreover, Defendants have failed to meet their burden that the requested information is relevant to any issue before this Court or that the information sought can't be obtained through more readily available means. Accordingly, Defendants' motion should be denied.

Respectfully submitted,

**Debes Law Firm**

By: ***/s/ Robert R. Debes, Jr.***
_____
Robert R. Debes, Jr.
Texas State Bar No. 05626150
Federal I.D. 12308
17 South Briar Hollow Lane, Suite 302
Houston, Texas 77027
Telephone: (713) 623-0900
Telecopier: (713) 623-0951
bdebes@debeslaw.com

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I served a true and correct copy of this document on all counsel of record via Notice of Electronic Filing on known Filing Users on the 30th day of August 2011 as follows:

Bradley Shafer
Shafer & Associates, P.C.
3800 Capital City Blvd., Ste. #2
Lansing, Michigan 48906
(*via* ECF notification)

Brian Bishop
Law Offices of Brian W. Bishop
115 Wild Basin South, Suite 106
Austin, Texas 78746
(*via* ECF notification)

/s/ *Robert R. Debes, Jr.*
_____
Robert R. Debes, Jr.