UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MONICA RAFEEDIE, et al,<br><br>              Plaintiffs,<br>       vs.<br><br>L.L.C., Inc., and W.F.K.R., Inc.,<br><br>              Defendants. | Civil Action No:  1:10-cv-743-LY<br><br>**HON. LEE YEAKEL**<br><br>**HON. ANDREW W. AUSTIN** |

**DEFENDANTS' SURREPLY IN SUPPORT OF MOTION TO COMPEL**

BRIAN W. BISHOP
LAW OFFICE OF BRIAN W. BISHOP
Counsel for Defendants
115 Wild Basin Road, Suite 106
Austin, Texas 78746
(512) 327-5121
(512) 327-5122
brian@bbishoplaw.com

BRADLEY J. SHAFER (MI Bar No. P36604)
MATTHEW J. HOFFER (MI Bar No. P64147)
SHAFER & ASSOCIATES, P.C.
Co-Counsel for Defendants
3800 Capital City Blvd., Suite 2
Lansing, Michigan 48906
(517) 886-6560
(517) 886-6565
info@bradshaferlaw.com

ROBERT B. DEBES, JR.
DEBES LAW FIRM
Counsel for Plaintiff(s)
17 South Briar Hollow Lane, Suite 302
Houston, Texas 77027
(713) 623-0900
bdebes@debeslaw.com

Defendants' submit this sur-surreply in order to correct misstatements in Plaintiffs' Surreply to Defendants' Motion to Compel.  Specifically, Plaintiffs assert that that "Defense counsel in this case (Mr. Shafer) has tried, and failed, to compel dancers tax returns making the same arguments advanced here" (Doc. 142, p.1), and refer a decision in **Thornton v. Crazy Horse**, 2010 WL 3718945, (D.Ak. Sept. 14, 2010).

That decision involved neither defense counsel here nor consideration of the very same arguments presented here.  As the Docket sheet (Doc. 142-2, p. 2) attached to Plaintiffs' Surreply makes plain (and as the undersigned (Mr. Hoffer) and counsel for Plaintiffs (Mr. Debes) discussed in June of 2011), counsel here did not appear in that matter on behalf of Crazy Horse, until very recently (January 17, 2011), and were not involved in discovery, the filing of discovery motions, or the defendant's attempt to obtain tax returns via a motion to compel Rule 26 disclosures.  This is further borne out by the actual Motion to Compel filed in that case (attached as Exhibit A hereto), which lists the counsel that actually filed the motion.

The Motion to Compel (Ex. A) in **Thornton**, like court's order (**Thornton**, 2010 WL 3718945 at *1-2), cited no specific authority on the relevance of tax returns and other financial information in a Fair Labor Standards Act ("FLSA") misclassification case.  Further, the Court in **Thornton** misconstrued the issue and concluded that the employers' obligation to keep track of "their own expenditures and deductible expenses" meant it already had access to "records indicating the number of hours their own employees worked, and Plaintiffs' tax returns would simply duplicate their records" 2010 WL 3718945 at *1.  The Court also declined to produce tax returns simply to show Plaintiffs filed false tax returns.  **Id**.

The Alaska court was also not put on notice of and did not consider the reasons why "[t]he Fifth Circuit considers such information relevant."  2006 WL 3755311, at *5 (N.D.Ind.,

1

2006) (citing **Herman v. Sixty-Minutes Delivery Service, Inc.**, 161 F.3d 299, 304 (5th Cir. 1998). As explained exhaustively already, the Fifth Circuit has routinely referenced information contained in tax returns when examining Fair Labor Standards Act "misclassification" cases, **Carrell v. Sunland Const. Inc.**, 998 F.2d 330, 334 (5th Cir. 1993); **Robicheaux, v. Radcliff Material, Inc.**, 697 F.2d 662, 667 (5th Cir. 1983); **Herman**, *supra*.

This is true even where the putative employer exerts "some control" over the opportunity for profit. **Carrell**, 998 F.2d at 334. In **Carrell**, the putative employer (Sunland) "dictated the Welders' schedule, including the timing of their breaks; Sunland assigned the Welders to specific work crews; Sunland paid the Welders an hourly rate that was rarely negotiable; the Welders' compensation while working for Sunland depended on the hourly rate and the number of hours works, both of which Sunland controlled." **Id**. The court still determined that "[t]he Welders are, as a matter of economic reality, in businesses for themselves," noting the holding was "very fact dependant." **Id**. The holding was, in part, based on information gleaned from the plaintiffs' tax returns. **Id**. at 333-334.

Plaintiffs argument, at its core, is that a fact specific determination on an exotic dancer's ability for profit or loss went Plaintiffs' way in **Reich v. Circle C. Investment, Inc.**, 998 F.2d 324, 329 (1993). Therefore, Plaintiffs reason, Defendants should not be given the opportunity to develop facts to defend themselves in this case. This is akin to the Plaintiffs in **Carrell** arguing that since welders had been found to be employees under the factual circumstances presented in **Robicheaux**, *supra*, the **Carrell** plaintiffs should be precluded from developing facts to defend themselves. Clearly, the defendant in **Carrell** was able to appropriately develop facts, and plaintiffs' tax returns played key role in the court's determination:

> Sunland refers us to the income tax returns filed by the lead plaintiff, Bennis Carrell. From 1987 to 1989, Carrell derived his welding income from companies

2

that classified him as an employee as well as from companies that classified him as an independent contractor. For 1987, Carrell reported $31,000 in income for his contract welding work and deducted $26,273 for costs attributable to his contract work, leaving him with taxable profit of $5,650. For 1988, he reported contract income of $12,072 and deducted $11,659, leaving him with a net taxable profit of $413. For 1989, he reported $5,713 in contract income and deducted $12,094, leaving him with a net loss of $6,381. Like Carrell, many of the other Welders classified themselves as self-employed on their income tax returns.

Sunland exerted some control over the Welders' opportunity for profits by fixing the hours rate and hours of work. Yet, the tax returns of Carrell indicate that the Welders' profits also depended on their ability to control their own costs. Morover, the Welders worked for numerous companies in each of the years relevant to this dispute.

**Id**. at 333-334.

And, when the Fifth Circuit was faced with either keeping tax returns private or analyzing important facts, it chose to set forth those facts in a published opinion. Courts in *this* circuit analyze tax returns and plaintiffs' financial information as a matter of course in FLSA misclassification cases. The information is relevant, important, and discoverable.

Dated: October 7, 2011                Respectfully submitted,

                                             **SHAFER & ASSOCIATES, P.C.**

                                             *s/Matthew J. Hoffer*
                                             Bradley J. Shafer (MI Bar No. P36604)
                                             Matthew J. Hoffer (MI Bar No. P70495)
                                             Co-Counsel for Defendants
                                             Lansing, Michigan 48906-2110
                                             3800 Capital City Boulevard, Suite 2
                                             (517) 886-6560
                                             Fax: (517) 886-6565
                                             matt@bradshaferlaw.com


                                             BRIAN W. BISHOP
                                             LAW OFFICES OF BRIAN W. BISHOP
                                             Co-Counsel for Defendants
                                             115 Wild Basin South, Suite 106
                                             Austin, Texas 78746

Telephone: (512) 327-5121
Facsimile: (512) 327-5122
Email:  brian@bbishoplaw.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the United States District Court for the Western District of Texas and thereby upon all parties.

Dated:  October 7, 2011             <u>*s/Matthew J. Hoffer*</u>
                                    Bradley J. Shafer (MI Bar No. P36604)
                                    Matthew J. Hoffer (MI Bar No. P70495)
                                    SHAFER & ASSOCIATES, PC
                                    Co-Counsel for Defendants
                                    Lansing, Michigan 48906-2110
                                    3800 Capital City Boulevard, Suite 2
                                    (517) 886-6560
                                    Fax:  (517) 886-6565
                                    matt@bradshaferlaw.com