IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MONICA RAFEEDIE ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | A-10-CA-743  LY |
| L.L.C., INC. D/B/A PERFECT 10 MEN'S CLUB AND W.F.K.R, INC. D/B/A SUGAR'S UPTOWN CABARET, | § § § § § | |
| Defendants. | § | |

## ORDER

Before the Court are Defendants' Motion to Compel Production of Tax Returns and Financial Information and Appendix, filed August 10, 2011 (Clerk's Dkt. #'s 111-12); Plaintiffs' Response to Defendants' Motion to Compel, filed August 30, 2011 (Clerk's Dkt. #124); Reply in Support of Defendants' Motion to Compel Production of Tax Returns and Financial Information, filed September 14, 2011 (Clerk's Dkt. # 131); Plaintiffs' Motion for Protective Order, filed September 23, 2011 (Clerk's Dkt. #141); Plaintiffs' Surreply to Defendants' Motion to Compel, filed September 26, 2011 (Clerk's Dkt. #142); Plaintiffs' Motion to Compel Discovery and/or to Strike Witnesses, filed October 4, 2011 (Clerk's Dkt. #149); Defendants' Surreply in Support of Motion to Compel, filed October 7, 2011 (Clerk's Dkt. #157); Defendants' Response to Plaintiffs' Motion for Protective Order, filed October 12, 2011 (Clerk's Dkt. #164); Defendants' Response to Plaintiffs' Motion to Compel Discovery and/or to Strike Witnesses, filed October 20, 2011 (Clerk's Dkt. #170); Joint Advisory to the Court Re: Defendants' Motion to Compel Production of Tax Returns and Financial Information (Doc. 111); Plaintiffs' Motion for Protective Order (Doc. 141); and Plaintiffs' Motion

to Compel Discovery And/or to Strike Witnesses (Doc. 149), filed October 25, 2011 (Clerk's Dkt. #172).; and Plaintiffs' Supplemental Memorandum, filed October 28, 2011 (Clerk's Dkt. #174). The motions were referred pursuant to 28 U.S.C. § 636(b)(1)(a), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C to the Local Rules of the United States District Court for the Western District of Texas.

## I.

Plaintiff Monica Rafeedie ("Rafeedie") brings this action under the Fair Labor Standards Act ("FLSA"). Rafeedie is an exotic dancer who alleges she was not paid any wages by Defendants, but worked simply for tips. She brings this action on behalf of herself and others similarly situated. The Court conditionally certified this case as a collective action on May 9, 2011. In relevant part, Defendants contend Rafeedie and the other dancers worked as independent contractors, and thus the relationship between Defendants and the dancers is not subject to the FLSA. Plaintiffs, in turn, contend they were misclassified as independent contractors and their employment should have been governed by the FLSA.

Over the course of the last six months, the parties have engaged in a variety of discovery. Among other things, Defendants have issued interrogatories and requests for production of documents to members of the collective action seeking a variety of financial information from the dancers.. Plaintiffs object to the requests as overly broad, burdensome, invasive and intrusive, and only marginally relevant to any issue in the lawsuit and have filed a motion for protection from those requests. Plaintiffs have also moved to compel production of Defendants' tax returns and/or to strike several witnesses. Defendants object to the production request as overbroad, seeking irrelevant information and satisfied by other production. The parties have filed responsive pleadings and a

joint advisory concerning their attempts to resolve the matters without court intervention. The undersigned conducted a hearing on the motions on October 26, 2011. This matters are now ripe for determination.

## II.

**A.     Defendants' Motion to Compel and Plaintiffs' Motion for Protective Order**

Defendants have requested discovery from Plaintiffs covering a wide array of financial information, from bank statements to loan applications, and from credit card account statements to income tax returns. They contend the information is relevant to determining whether Plaintiffs are independent contractors under the economic realities test. Plaintiffs argue the requests are intrusive and invasive. They also maintain the information they have agreed to provide Defendants in other forms should be sufficient to satisfy their discovery obligation.

"To determine if a worker qualifies as an employee [under the FLSA], we focus on whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself." *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008). The Fifth Circuit has identified five relevant non-exhaustive factors to making this determination: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. *Hopkins*, 545 F.3d at 343

The Court will focus first on Defendants' request for the Plaintiffs' income tax returns. Tax returns are neither privileged nor undiscoverable. *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995). The Fifth Circuit has suggested the party seeking to discover tax returns must show the

relevance of the tax returns, and then the burden shifts to the party opposing production to show other sources exist from which the information contained in the returns may be readily obtained. *Id*. Defendants argue the tax returns are relevant to the determination of whether Plaintiffs were independent contractors or employees under the FLSA, as well as the amount of damages at issue. They contend the returns would show sources of income, whether Plaintiffs considered themselves self-employed and the amount of business deductions taken. Plaintiffs argue the relevant information can be obtained by way of interrogatories asking about their sources of income and their stipulation that they considered themselves self-employed for income tax purposes.

The undersigned agrees with Defendants that the information on Plaintiff's income tax returns is relevant. Significantly, the Fifth Circuit has looked to the income and deductions in a plaintiff's tax returns in examining whether a plaintiff was an employee or independent contractor under the FLSA. *Carrell v. Sunland Const., Inc.*, 998 F.2d 330, 333 (5th Cir. 1993). The undersigned disagrees with Plaintiffs that the proffered other sources of information would provide the same information. As Plaintiffs have not agreed to produce information revealing their business expenses, determination by Defendants of the relative investments of the parties and degree to which profit and loss of the dancer would be difficult, if not impossible  Privacy concerns of the Plaintiffs concerning the information in their tax returns may be addressed by appropriately designating materials for limited disclosure pursuant to the Protective Order entered by Judge Yeakel on July 13, 2011. The undersigned thus concludes discovery of Plaintiffs' income tax returns, including supporting schedules and attachments should be permitted.[1]

---

[1] In reaching this conclusion, the undersigned makes no determination as to the admissibility of the tax return information at trial. Nor is any determination to be inferred as to the proper use by Defendants of any errors or other possible improprieties in the returns or the lack of any return. All

The undersigned reaches a different conclusion as to the other financial information sought by Defendants.  The information sought by Defendants is wide-ranging.  The requests are clearly aimed at discovering all possible information revealing Plaintiffs' sources of income, and claimed sources of income.  During the hearing, counsel for Defendants maintained the wide range of requests was necessary to corroborate (or impeach) whatever information Plaintiffs reported in their tax returns.  As Plaintiffs point out, Defendants did not cite a single case in which information concerning the general financial status of plaintiffs in an FLSA case was ruled discoverable.  In fact, in one of the cases cited by Defendants, although the court granted discovery of the plaintiff's tax return, the court specifically denied the defendant's request for a loan application for plaintiff's purchase of real property.  *Canada v. Hotel Development.-Texas, Ltd.*, 2008 WL 3171940 , at *2 (N.D. Tex. July 30, 2008)..  Plaintiffs maintain the requests are unduly burdensome, invasive and intrusive.  They further suggest the broad scope of the requests was intended to have a chilling effect on participation in this collective action.

The undersigned agrees.  Defendants's position is predicated on their assumption that information on an income tax return is untrustworthy.  A federal income tax return is filed under penalty of perjury and filing a false return may additionally subject the filer to criminal penalties under Title 26 of the United States Code.  Defendants' assumption thus rests on a very unstable foundation.  The undersigned also agrees the information requested is invasive and intrusive, subjecting Plaintiffs to a very substantial burden.[2]  Moreover, the insistence by Defendants that all

---

such evidentiary issues are left to the trial judge.

[2] The categories of requests include identification of all bank and credit card accounts, as well as all statements for thsoe accounts, listing of all claims for governmental assistance, applications for a variety of financial instruments, all documents related to unemployment or

the sources of income of each Plaintiff are relevant is overly broad.  The relevance of income from other jobs, and especially unearned sources of income, bears no relevance to determining whether Defendants are liable to Plaintiffs under the FLSA.[3]  Accordingly, the undersigned grants Defendants' motion to compel solely as to the requests for tax returns and supporting schedules and attachments and grants Plaintiffs' motion for protective order as to the other challenged discovery requests.

**B.     Plaintiffs' Motion to Compel**

Plaintiffs, in turn, have moved to compel discovery and/or strike witnesses.  As set forth in the joint advisory of the parties, and as stated in the hearing, two of the three issues raised in the motion have been resolved.  Defendants have agreed to produce Mr. Cox and Ms. Thompson for deposition and have identified the "Jane Doe" witnesses as requested by Plaintiffs.  As suggested at the hearing, counsel for Plaintiffs should consult with counsel for Defendants concerning contact of the "Jane Doe" witnesses.  The undersigned was not asked to, and did not make any ruling as to, whether contact of those witnesses must take place in the presence of counsel for Defendants.

The only remaining issue is Plaintiffs' discovery requests seeking Defendants' federal tax returns, documents reflecting their sources of income, and W2s/1099s sent by Defendants to the IRS. Plaintiffs contend the information sought is relevant to several issues.  First, they contend the

---

worker's compensation benefits, all job applications; and a signed release to obtain a credit report. As noted at the hearing, Defendants' request for such intrusive financial information appears to have been motivated to chill the putative class members' desire to opt into the case, or to remain in the case after opting in.

[3] Further, Defendants provided no justification for their request for all job applications and credit reports.  Neither would reveal sources of income or business deductions taken by Plaintiffs. This request suggests Plaintiffs' contention that Defendants' discovery requests were intended to have a chilling effect is well founded.

6

information is necessary to determine the tax treatment of the "dance fees" paid by club patrons, which in turn is relevant to the issue of classification of the Plaintiffs under the FLSA and Defendants' claims that those fees should offset their wage obligations. Plaintiffs also maintain the information is relevant to determining whether they were independent contractors, specifically to the inquiry concerning the relative investments of Plaintiffs and Defendants.

Defendants suggest the information sought by Plaintiffs is not relevant. They maintain the information regarding all of their sources of income goes well beyond the issue of whether Plaintiffs were misclassified as independent contractors under the FLSA.[4] Defendants also contend they have provided or offered to provide documents other than their tax returns which would show the tax treatment and amount of dance fees. The undersigned notes Defendants' objections to Plaintiffs' discovery requests mirror Plaintiffs' objections to Defendants' requests. Defendants' objection to Plaintiffs' request for tax returns and W2s/1099s fails for the same reasons Plaintiffs' objection fails. As set forth above, tax returns are discoverable. And the information revealed would likely be relevant to the relative investment of the parties and thus the issue of misclassification

Further, Defendants' contention that they have provided other documents from which the relevant information concerning the dance fees may be gleaned fails. A review of the proffered documentation at the hearing clearly revealed the documentation fell well short of evidencing the amount of dance fees and their accounting and tax treatment.[5] Moreover, simply providing Plaintiffs

---

[4]The irony of this position was not lost on the undersigned, particularly given the sheer breadth of the Defendants' requests served on Plaintiffs.

[5]Counsel for Defendants suggested at the hearing that other documents might exist which would be satisfactory. However, without examining such documents, or permitting counsel for Plaintiffs to examine the documents, the undersigned cannot opine as to whether the documents would clearly evidence both the amounts of fees and their accounting and tax treatment by

with general revenue figures, as likely reported on Defendants' tax return, will neither permit Plaintiffs enough detail to determine the amount of dance fees nor the investment by Defendants relative to the amount of revenue generated by the work of Plaintiffs. Plaintiffs' motion to compel is, therefore, granted as to this ground.

### III.

Accordingly, the Court ORDERS that Defendants' Motion to Compel Production of Tax Returns and Financial Information (Clerk's Dkt. #111), Plaintiffs' Motion for Protective Order (Clerk's Dkt. #141) and Plaintiffs' Motion to Compel Discovery and/or to Strike Witnesses (Clerk's Dkt. #149) are **GRANTED IN PART** as set forth above.

SIGNED this 7th day of November, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

Defendants.